\*\*E-Filed 7/28/2010\*\*

# IN THE UNITED STATES DISTRICT COURT

# FOR THE NORTHERN DISTRICT OF CALIFORNIA

# SAN JOSE DIVISION

| | |
|---|---|
| ANTHONY V. GUANCIONE, III, R. AUBREE' GUANCIONE, AND WILLIAM BULLOCK STEWART, III,<br><br>Plaintiffs,<br><br>v.<br><br>WACHOVIA MORTGAGE CORPORATION, WORLD SAVINGS INC, GOLDEN WEST FINANCIAL CORPORATION, WELLS FARGO & CO.,<br><br>Defendants. | Case Number 5:10-CV-03166 JF (HRL)<br><br>**ORDER DENYING PLAINTIFFS' REQUEST TO CHANGE VENUE AND APPLICATION FOR A TEMPORARY RESTRAINING ORDER**<br><br>Re: Docket Nos. 3, 12, 13, 14 |

## I. BACKGROUND

On July 20, 2010, Plaintiffs Anthony V. Guancione, III, Rosalie Aubree′ Guancione, and William Bullock Stewart, III, proceeding *pro se*, filed a complaint and application for a temporary restraining order ("TRO") against Wachovia Mortgage, a division of Wells Fargo Bank, N.A., formerly known as Wachovia Mortgage, FSB, also formerly known as World Savings Bank, FSB and Golden West Savings Association Service Co., erroneously sued as "Wachovia Mortgage Corporation, World Savings Inc., Golden West Financial Corporation,

Case Number 5:10-CV-03166 JF (HRL)
ORDER DENYING PLAINTIFFS' REQUEST TO CHANGE VENUE AND APPLICATION FOR A
TEMPORARY RESTRAINING ORDER
(JFLC1)

Wells Fargo & Co." (collectively, "Wachovia").  Plaintiffs seek an order prohibiting Defendants, or any of their:

> [A]gents, servants, employees, aiders, abettors, persons acting in concert with specifically named parties, corporate affiliates, etc., even though they are not parties to the action [], from (1) attempting to evict the Petitioner Trust WILLIAM BULLOCK STEWART III©™, and its beneficiary and lien holder William-Bullock III: Stewart from the real property at 1461 Forrestal Ave., San Jose, CA 95110, during the pendency of this civil case for ownership determination, and an order to show cause (1) why a preliminary injunction should not be granted enjoining Plaintiff WACHOVIA MORTGAGE CORPORATION, its agents servants, employees, aiders, abettors, persons acting in concert with specifically named parties, corporate affiliates, etc., even though they are not parties to the action [], from violating the automatic stay of bankruptcy and committing or performing the above described act(s) during the pendency of this civil case for ownership determination.

TRO at 2.

The instant action is not the first concerning the property at issue in this case.  On August 24, 2006 Plaintiff Anthony Guancione received a home loan in the amount of $465,000.00 from Wachovia's predecessor, World Savings Bank, FSB.  Wachovia's Request for Judicial Notice ("RJN") Ex. E (Deed of Trust).[1]  After Anthony Guancione defaulted on his payments, Wachovia initiated a non-judicial foreclosure sale of the property.  On May 15, 2009, Plaintiffs filed a complaint in the Santa Clara Superior Court seeking to enjoin the non-judicial foreclosure.  RJN, Ex. G (Complaint).  The state court denied Plaintiffs' motion for injunctive relief and dismissed the case.  An appeal currently is pending in that action.

On October 1, 2009, Plaintiff Rosalie Aubree Guancione filed an action (Case No. 5:09-CV-04684-JF) and an application for a TRO in this Court.  On October 2, 2009, this Court issued an order denying that application.  RJN, Ex. K (concluding that Plaintiff was not likely to

---

[1] Wachovia makes several requests for judicial notice.  The deed of trust is properly incorporated by reference because the pleadings are deemed to include "documents whose contents are alleged in a complaint and whose authenticity no party questions, but which are not physically attached to the pleading." *See Branch v. Tunnell*, 14 F.3d 449, 454 (9th Cir. 1994), *cert. denied, overruled on other grounds by Galbraith v. City of Santa Clara*, 307 F.3d 1119 (9th Cir. 2002).  The remaining exhibits for which Wachovia requests judicial notice and the Court relies upon in this order consist of public records that are "capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b).

2

Case Number 5:10-CV-03166 JF (HRL)
ORDER DENYING PLAINTIFFS' REQUEST TO CHANGE VENUE AND APPLICATION FOR A TEMPORARY RESTRAINING ORDER
(JFLC1)

succeed on her claim given that the complaint was "ninety-three (93) pages in length, much of which [was] unintelligible. . .[and that] in its present form [did] not appear to allege a cognizable federal claim."). On October 22, 2009, the Court granted Rosalie Aubree Guancione's motion to dismiss the action without prejudice pursuant to Fed. R. Civ. P. 41(a). RJN Ex. L.

On November 12, 2009, Wachovia filed an unlawful detainer action in the Santa Clara Superior Court, Case No.109-CV-157228. Plaintiffs subsequently purported to remove the action to federal court based upon a document entitled "Negative Averment and Counterclaim." RJN Ex. M. On February 2, 2010, this Court adopted the report and recommendation of Magistrate Judge Howard R. Lloyd and summarily remanded the action for lack of subject matter jurisdiction. On June 17, 2010, the state court entered a judgment awarding Wachovia possession of the concerned property, $1,471.00 in back rent, and $9,364.73 in holdover damages. RJN, Ex. N.

On July 14, 2010, Plaintiff Rosalie Aubree Guancione (referring to herself as "Rosalie Guancione, a Maritime Trust") filed a Chapter 11 petition in the United States Bankruptcy Court for the Northern District of California, Case No. 10-57229-RLE. On July 22, 2010, the bankruptcy court issued an order to show cause with respect to Rosalie Aubree Guancione's self-identification as an "unincorporated maritime private trust" and qualification as a Chapter 11 debtor, setting a hearing for August 4, 2010. RJN, Ex. O.

## II. REQUEST TO CHANGE VENUE

Civil Local Rule 3-2(c) provides that an action filed in this district shall be assigned to the division serving the county "in which a substantial part of the events or omissions which give rise to the claim occurred or in which a substantial part of the property that is the subject of the action is situated." Plaintiffs originally filed the instant action in this Court's Oakland division. Judge Susan Illston immediately transferred the case to the San Jose Division pursuant to Civil Local Rule 3-2(c) because the concerned property is located in the City of San Jose. Because transfer to the San Jose division was proper, Plaintiffs' request to change venue will be denied.

3

Case Number 5:10-CV-03166 JF (HRL)
ORDER DENYING PLAINTIFFS' REQUEST TO CHANGE VENUE AND APPLICATION FOR A TEMPORARY RESTRAINING ORDER
(JFLC1)

### III. APPLICATION FOR TEMPORARY RESTRAINING ORDER

#### A. Legal Standard

The standard for issuing a TRO is the same as that for issuing a preliminary injunction. *Brown Jordan Int'l, Inc. v. Mind's Eye Interiors, Inc.,* 236 F. Supp. 2d 1152, 1154 (D. Hawaii 2002). A preliminary injunction is "an extraordinary remedy that may only be awarded upon a clear showing that the plaintiff is entitled to such relief." *Winter v. Natural Res. Def. Council, Inc.,* 129 S.Ct. 365, 376 (2008). In order to obtain preliminary injunctive relief, a party must demonstrate [1] 'that he is likely to succeed on the merits, [2] that he is likely to suffer irreparable harm in the absence of preliminary relief, [3] that the balance of equities tips in his favor, and [4] that an injunction is in the public interest.'" *Stormans, Inc. v. Selecky*, 586 F.3d 1109, 1127 (9th Cir. 2009), citing *Winter,* 129 S.Ct. at 374. "A preliminary injunction [or TRO] is [also] appropriate when a plaintiff demonstrates. . .that serious questions going to the merits were raised and the balance of hardships tips sharply in plaintiff's favor." *Alliance for Wild Rockies v. Cottrell,* No. 09-35756, slip op. (9th Cir. July 28, 2010) (holding that the "'serious questions' approach survives *Winter* when applied as part of the four-element *Winter* test.") The issuance of a preliminary injunction is committed to the discretion of the district court. *Indep. Living Ctr. Of S. Cal., Inc. v. Maxwell-Jolly,* 572 F.3d 644, 651 (9th Cir. 2009).

#### B. Discussion

Plaintiffs' pleadings are insufficient to demonstrate either that there are serious questions going to the merits or that there is a likelihood of success on the merits of their underlying claims. First, it is well-settled that federal district courts do not have jurisdiction to review state court rulings. *District of Columbia Court of Appeals v. Feldman,* 460 U.S. 462, 482 (1983); *Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 415-16 (1923). Here, the state court already has entered a judgment against Plaintiffs, awarding Wachovia possession of the subject property, back rent, and damages. The Rooker-Feldman doctrine bars "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments."

4

Case Number 5:10-CV-03166 JF (HRL)
ORDER DENYING PLAINTIFFS' REQUEST TO CHANGE VENUE AND APPLICATION FOR A
TEMPORARY RESTRAINING ORDER
(JFLC1)

*Exxon Mobil Corp. v. Saudi Basic Industries Corp.,* 544 U.S. 280, 284 (2005). Accordingly, if Plaintiffs wish to contest the decision of the state court, they must seek relief from the state court of appeal.

To the extent that Plaintiffs do not seek review of the state court's determination of the action, but instead seek an opportunity to re-litigate their claims, the claims almost certainly are barred by *res judicata. Int'l Union v. Karr*, 994 F.2d 1426, 1430 (9th Cir. 1993) (holding that *res judicata* bars a party from relitigating any claims arising out fo the "same transactional nucleus of fact" as litigated in the prior matter). The state court complaint also sought unencumbered possession of the property at issue here and Plaintiffs challenged the legitimacy of Wachovia's interest in the property. Finally, Plaintiffs' claims are barred by the Anti-Injunction Act, 28 U.S.C. § 2283. *Scherbenske v. Wachovia Mortg., FSB*, 626 F.Supp.2d 1052, 1059 (E.D. Cal. 2009) (holding that there "is no federal statute authorizing a district court to enjoin a state unlawful detainer action. . .[,] there are no prior orders of this court or the Bankruptcy Court that would be undermined by the unlawful detainer hearing[, and] an injunction against the unlawful detainer action is not necessary to aid this court's jurisdiction.")

Plaintiffs also assert that their eviction would violate the automatic stay provision of the Bankruptcy Code. This assertion is without merit. First, as Wachovia points out, Rosalie Aubree Guancione is the only Plaintiff who has filed a bankruptcy petition. RJN, Ex. O. Second, the automatic stay does not apply when a bankruptcy petition is filed *after* judgment has been entered in an unlawful detainer action and the petitioner has not complied with 11 U.S.C. § 362(l) by filing a "certification under penalty of perjury that the debtor (or an adult dependent of the debtor) has cured, under nonbankruptcy law applicable in the jurisdiction, the entire monetary default that gave rise to the judgment under which possession is sought by the lessor. . ." 11 U.S.C. § 362(l)(2). Finally, to the extent that Plaintiff could establish a violation of the automatic stay, their remedy lies within the jurisdiction of the bankruptcy court. *See* 28 U.S.C. §§ 1334, 157.

5

Case Number 5:10-CV-03166 JF (HRL)
ORDER DENYING PLAINTIFFS' REQUEST TO CHANGE VENUE AND APPLICATION FOR A TEMPORARY RESTRAINING ORDER
(JFLC1)

1    Good cause therefor appearing, the request to change venue and application for a TRO
2 are DENIED.
3 **IT IS SO ORDERED.**
4 DATED: 7/28/2010

_____
JEREMY FOGEL
United States District Judge

6

This Order was served on the following persons:

Anthony V. Guancione, III, R. Aubree' Guancione, and William Bullock Stewart, III
HI &RH Empress Aubree
P.O. Box 6341
Santa Clara, CA 95056

7

Case Number 5:10-CV-03166 JF (HRL)
ORDER DENYING PLAINTIFFS' REQUEST TO CHANGE VENUE AND APPLICATION FOR A TEMPORARY RESTRAINING ORDER
(JFLC1)